UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

:
:
REBECCA WILLIAMS,          :
:
    Plaintiff,             :
:            Civil Action File No.:
v.                         :              3:13-CV-129
:            _____
:
:            **JURY TRIAL DEMANDED**
Armor Correctional Health  :
Services, Inc.,            :
:
    Defendant.             :

## COMPLAINT

Plaintiff Rebecca Williams ("Ms. Williams" or "Plaintiff") files this Complaint for equitable relief and damages against Armor Correctional Health Services, Inc., ("ACHS" or "Defendant") showing the Court as follows:

## INTRODUCTION

1.

This is an action brought under Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq.*, to correct unlawful employment practices on the basis of disability, to vindicate Plaintiff Williams's rights, and to make her whole. This is

also an action for both interference and retaliation in violation of the Family and
Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*.

2.

Ms. Williams was employed by Southern Health Partners as a Medical Team
Administrator at the Athens Clarke County Jail (the "Jail") for approximately ten
years.  Ms. Williams was employed by Southern Health Partners when ACHS
acquired the medical services contract with Athens Clarke County to administer
health services at the Jail in July 2011.  Ms. Williams continued as a Medical Team
Administrator with ACHS and then transitioned to a Staff Nurse position in August
2011.  ACHS rehired the employees employed by Southern Health Partners at the
Jail and their employment was uninterrupted.  On December 6, 2011, Ms. Williams
was severely injured in a car accident.  Although she suffered from an Americans
with Disabilities Act covered disability and Family and Medical Leave Act
covered serious health condition, ACHS refused to approve her FMLA leave
request and refused to accommodate her light duty restrictions.  Rather, ACHS told
Ms. Williams that she could not return to work until she was "100%" released with
no restrictions or need for accommodation.  When Ms. Williams's doctor
completely lifted her restrictions in March 2012, ACHS still refused to let her

2

return to work.  In fact, since her discharge, multiple positions have become

available, yet ACHS continues to refuse to employ Ms. Williams.

3.

ACHS failed to accommodate Ms. Williams, discriminated against Ms.

Williams by failing to accommodate her and terminating her employment, and

retaliated against Ms. Williams for requesting an accommodation, all in violation

of the ADAAA.  ACHS also interfered with Ms. Williams rights under the FMLA

and retaliated against her because of her attempt to exercise her rights under the

FMLA by failing to provide her medical leave to which she was entitled for her

serious health condition, by failing to reinstate her to a Staff Nurse position when

she was released to return to work, and by terminating her employment.

## **JURISDICTION AND VENUE**

4.

Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 12101 *et seq*.,

29 U.S.C. § 2601 *et seq.*, and 28 U.S.C. § 1331.

5.

This Court is a proper venue for Ms. Williams's claims under 28 U.S.C. §

1391(b), because Defendant conducts business in the Middle District of Georgia

and because the unlawful conduct giving rise to the claims occurred in this District.

## PARTIES

6.

Ms. Williams is a citizen of the State of Georgia and a resident of the Middle District of Georgia.  Ms. Williams is a former employee of Defendant ACHS.  Ms. Williams submits herself to the jurisdiction of this Court.

7.

Ms. Williams is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*. in that she had been continuously employed by ACHS or its predecessor-in-interest, Southern Health Partners, for more than 12 months and worked more than 1250 hours in the 12 months preceding her serious health condition.

8.

Ms. Williams is and, at all times relevant hereto, was an individual with a disability as that term is defined under 42 U.S.C. § 12102(1).

9.

Ms. Williams is a person with a disability inasmuch as she suffers from a physical impairment that substantially limits her in a major life activity.

10.

ACHS was aware of Ms. Williams's physical impairment.

4

11.

Ms. Williams is, and at all relevant times was, capable of performing the essential functions of the position she held while employed by ACHS with or without an accommodation.

12.

Thus, Ms. Williams is, and at all times relevant was, a qualified individual with a disability within the meaning of 42 U.S.C. § 12111(8).

13.

Defendant ACHS is a corporation doing business in the State of Georgia and is subject to this Court's jurisdiction.

14.

ACHS is an "employer" within the meaning of 29 U.S.C. § 2601 *et seq.*

15.

ACHS has had more than fifty (50) employees within a seventy-five (75) mile radius in each of twenty (20) or more consecutive calendar weeks in the current or preceding year within the meaning of 29 U.S.C. § 2601 *et seq.*

16.

ACHS is the successor-in-interest to Southern Health Partners at the Jail, as defined by the FMLA, 29 U.S.C. § 2611(4)(A)(ii)(II).

17.

ACHS engaged in a substantial continuity of Southern Health Partners business operations at the Athens Clarke County Jail.

18.

ACHS used the same facilities for its business operations as Southern Health Partners did at the Jail.

19.

ACHS retained the same workforce as Southern Health Partners for its business operations at the Jail.

20.

ACHS maintained similar jobs and working conditions to Southern Health Partners at the Jail.

21.

ACHS retained substantially similar supervisory personnel to Southern Health Partners at the Jail.

22.

ACHS is an employer as defined by the ADAAA.

23.

ACHS employed more than 15 persons for each working day in each of

20 calendar weeks in the current or preceding calendar year.

24.

ACHS may be served with process via personal service upon its registered

agent for service of process, CT Corporation System, 1201 Peachtree Street, NE,

Atlanta, Georgia 30361.

## ADMINISTRATIVE PROCEEDINGS

25.

Ms. Williams timely filed a charge of discrimination with the United States

Equal Employment Opportunity Commission ("EEOC"), and the charge

encompasses all of the claims asserted in this Complaint.

26.

Ms. Williams received a Notice of Right to Sue 90 days prior to filing this

lawsuit, and she has fulfilled all administrative prerequisites to the prosecution of

her claims in this Court.

## STATEMENT OF FACTS

27.

Ms. Williams began her employment with Southern Health Partners in

approximately 2001.

28.

Ms. Williams worked for Southern Health Partners for ten years before until July 2011 when ACHS acquired the medical services contract with Athens Clarke County to administer health services for the Athens Clarke County Jail.

29.

Ms. Williams was continuously employed as a nurse at the Athens Clarke County Jail.

30.

Initially, Ms. Williams continued in her position as Medical Team Administrator, but then she began working as a staff nurse in approximately August 2011.

31.

As a Staff Nurse, Ms. Williams's duties included checking patients' vital signs, asking medical questions, and delivering medication.

32.

On December 6, 2011, during her employment with ACHS, Ms. Williams was in a car accident that caused her to suffer a serious health condition and disability for which she required medical leave.

33.

The car accident caused a physical impairment that substantially limited several of Ms. Williams's life activities.

34.

After a short time on medical leave, Ms. Williams's doctor cleared her to return to work on light duty.

35.

Ms. Williams requested that ACHC let her return to work on light duty.

36.

However, ACHC did not allow Ms. Williams to return to work in December of 2011 or January of 2012.

37.

In February 2012, Ms. Williams's physician increased her lifting restriction from 5 pounds to 25 pounds.

38.

Again in February, after having her lifting restriction increased, Ms. Williams that ACHC let her return to work on light duty.

39.

Even with the increased lifting restriction, ACHS would not allow MS.

Williams to return to work in February of 2012.

40.

In fact, ACHS told Ms. Williams that she would not be allowed to return to work until she was "110%" and had no restrictions at all.

41.

In March 2012, Ms. Williams's doctor released her to return to work without restrictions.

42.

However, ACHS refused to reinstate Ms. Williams to a Staff Nurse position in March 2012 and, rather, terminated her employment.

43.

Since Ms. Williams's discharge, several nurse positions have come available.

44.

In May 2012, Ms. Williams interviewed for a nurse position with ACHS.

45.

However, ACHS did not offer her the position, even though she had previously been performing the job.

46.

Sine her interview in May 2012, ACHS still has not offered Ms. Williams's any opportunities to return to work for ACHS as a nurse.

## COUNT I
## Violation of the ADAAA – Failure to Accommodate

47.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

48.

Ms. Williams is, and at all times relevant hereto was, a qualified individual with a disability as that term is defined under 42 U.S.C. § 12102(1).

49.

Ms. Williams is a person with a disability inasmuch as she has a physical impairment causing substantial limitation in one or more major life activities.

50.

At all times relevant, Ms. Williams was able to perform the essential functions of her job with or without an accommodation.

51.

ACHS, Georgia is an "employer" as defined by the ADAAA.

52.

ACHS was aware of Ms. Williams's disability.

53.

Ms. Williams notified ACHS of her disability in December 2011.

54.

ACHS was aware of Ms. Williams's lifting restrictions and the release of those restrictions from December 2011 to March 2012.

55.

ACHS refused to accommodate Ms. Williams and instead terminated Ms. Williams because of her disability and her need for accommodation.

56.

ACHS's actions violate the ADAAA, which prohibits intentional discrimination on the basis of disability.

57.

As a direct and proximate result of ACHS's intentional discrimination, Ms. Williams has suffered out-of-pocket losses and ACHS has deprived her of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her, all in an amount to be established at trial.

58.

In addition, ACHS's actions have caused, continue to cause, and will cause Ms. Williams to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, other non-pecuniary losses, and punitive damages, all in an amount to be established at trial.

59.

Ms. Williams is also entitled to be reinstated to employment by ACHS and, if reinstatement is not feasible, Ms. Williams is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT II
## VIOLATION OF ADAAA - ACTUAL DISABILITY

60.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

61.

At all times relevant hereto, ACHS has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

62.

At all times relevant hereto, Ms. Williams was an individual with a disability as defined under the ADAAA, 42 U.S.C. § 12102(1)(A).

13

63.

Moreover, at all times relevant hereto, Ms. Williams has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of the job with or without an accommodation.

64.

ACHS was aware of Ms. Williams's disability.

65.

Ms. Williams was intentionally terminated because of her disability and in favor of a non-impaired, non-disabled person.

66.

ACHS's action violated Section 102 of the ADAAA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

67.

As a direct and proximate result of ACHS's intentional discrimination, Ms. Williams has suffered out-of-pocket losses and has been deprived of job related benefits, including income in the form of wages and other job related benefits, including Social Security, all in an amount to be established at trial.

68.

In addition, ACHS's actions have caused, continue to cause and will cause the Ms. Williams to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, other non-pecuniary losses, and punitive damages, all in an amount to be established at trial.

69.

Moreover, Ms. Williams is entitled to be reinstated to employment by ACHS and, if reinstatement is not feasible, Ms. Williams is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT III
## Interference in Violation of the FMLA

70.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

71.

Ms. Williams was an "eligible employee" with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11), 29 C.F.R. 825.114.

72.

By refusing to provide Ms. Williams with FMLA leave, by refusing to return

15

Ms. Williams to the same or an equivalent position when she was released to return to work, and by terminating her employment, ACHS prevented Ms. Williams from exercising the rights provided to her under the FMLA.

73.

ACHS's actions in interfering with Ms. Williams's FMLA leave were committed with reckless disregard for her right to take up to 12 work weeks of leave time for a serious health condition and violated the FMLA, 29 U.S.C. § 2615(a)(1).

74.

The effect of ACHS's actions has been to deprive Ms. Williams of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her right to leave under the FMLA.

75.

As a result, Ms. Williams is entitled to both equitable and monetary relief for ACHS's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

76.

Ms. Williams is also entitled to liquidated damages for ACHS's violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because ACHS's actions in failing to return her to work were willful violations of the FMLA.

**COUNT III**
**Retaliation for Exercise of FMLA Rights**

77.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

78.

Ms. Williams was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11), 29 C.F.R. § 825.114.

79.

By refusing to return Ms. Williams to work when her physician released her to return to work, and by refusing to place Ms. Williams in an equivalent position, ACHS retaliated against Ms. Williams for exercising her rights under the FMLA.

80.

ACHS's actions in retaliation for Ms. Williams's exercise of her rights under the FMLA were committed with reckless disregard for her right to be free from

discriminatory treatment for exercising her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

81.

The effect of ACHS's actions has been to deprive Ms. Williams of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

82.

As a result, Ms. Williams is entitled to both equitable and monetary relief for ACHS's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

83.

Ms. Williams is also entitled to liquidated damages for ACHS's violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because ACHS's actions in failing to return her to work were willful violations of the FMLA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the following relief:

a.      a declaratory judgment that Defendant violated ADAAA and the FMLA;

b.      a permanent injunction prohibiting Defendant from engaging in unlawful employment practices in violation of the ADAAA and FMLA;

c.      full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

d.      reinstatement to Plaintiff's former position with Defendant at the same pay grade, or in the alternative, front pay to compensate Plaintiff for lost future wages, benefits and pension;

e.      compensatory damages in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

f.      punitive damages against Defendant;

g.      liquidated damages in an amount equal to Plaintiff's back pay;

h.      attorneys' fees and costs; and

i.      all other and further relief as this Court deems just and proper.

Respectfully submitted this 21st day of November, 2013.

Respectfully submitted,

s/ Cheryl B. Legare
Georgia Bar No. 038553
cblegare@buckleyklein.com
Paul Chichester IV
Georgia Bar No. 189958
pchichester@buckleyklein.com

BUCKLEY & KLEIN, LLP
Promenade, Suite 900
1230 Peachtree Street NE
Atlanta, GA  30309
Telephone:  (404) 781-1100
Facsimile:   (404) 781-1101

Attorneys for Plaintiff